# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7965 | **DATE** | 12/28/2000 |
| **CASE TITLE** | Linda Mobley vs. Stevenson Dan Ryan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's petition to proceed informa pauperis is denied, and her complaint is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 29 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 DEC 28 PM 2:16 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINDA MOBLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 00 C 7965 |
| STEVENSON DAN RYAN, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda Mobley, a resident of Chicago, Illinois, filed this civil lawsuit on December 20, 2000. The handwritten complaint is incredibly vague about the nature of her claim, but seems to seek damages for her son's death on the Stevenson Expressway and for her resulting emotional distress. The named defendant is "Stevenson Dan Ryan," an apparent reference to the highways. Plaintiff also petitions this court to proceed *in forma pauperis*. For the reasons set forth below her petition is denied and the case is dismissed without prejudice.

Under 28 U.S.C. § 1915(a), this court may authorize a plaintiff to proceed *in forma pauperis* if the party is unable to pay the prescribed court fees. Plaintiff indicates that she receives $500 per month in disability or workers compensation payments, and has no other valuable assets. Although her application is somewhat incomplete, for now we assume she satisfies the indigency requirements.

Regardless, we find that her complaint must be dismissed. Amendments to 28 U.S.C. § 1915 in the 1996 Prison Litigation Reform Act require us to dismiss the case if (i) the action is frivolous or malicious, (ii) it fails to state a claim on which relief may be granted, or (iii)

petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The case will be dismissed as "frivolous" if petitioner can make "no rational argument in law or fact to support his claims for relief." Jones v. Morris, 777 F.2d 1277, 1279 (7th Cir. 1985), *quoting* Corgain v. Miller, 708 F.2d 1241, 1247 (7th Cir.1983).

First, we are confounded by the lack of an identifiable defendant. Highways are not legal persons and cannot be sued. On the civil cover sheet, plaintiff writes, "Wrongful death pursuing on the Stevenson Expressway, on broken pavement." It is unclear whether she is alleging some unlawful pursuit, perhaps by a police officer, improper road maintenance or some other basis for her suit. From what plaintiff has stated, defendants could be anyone from the United States to the Illinois Department of Transportation for improper highway design or maintenance,[1] or some police agency for reckless pursuit. Despite our responsibility to construe *pro se* pleadings liberally, *see* Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (1996), we cannot save this complaint.

We are also concerned that we have no subject matter jurisdiction over this dispute. The civil cover sheet indicates a federal question based on a civil rights violation, but we cannot discern any federal question from the complaint. It does not refer to any federal statute, indicate any state actor or describe anyone acting under color of law. Nor would the complaint satisfy diversity jurisdiction. While a wrongful death award would likely exceed $75,000, all of the parties appear to reside in Illinois. Further, plaintiff's emotional distress

---

[1] Sovereign immunity would likely bar any claim based on highway design or maintenance anyway. The federal government's role in highway construction is limited, and falls under the Federal Tort Claims Act's "discretionary activities" exception. 28 U.S.C. § 2680(a). *See, e.g.,* Mahler v. United States, 306 F.2d 713 (3d Cir. 1963); Rich v. United States, 119 F.3d 447 (6th Cir. 1997); First Nat'l Bank of Effingham v. United States, 565 F.Supp. 119 (S.D. Ill. 1983). Further, Illinois has only waived its sovereign immunity within its state claims court, so the Eleventh Amendment would preclude any federal claim against IDOT. *See* Creek v. Shell Development Corp., 1989 WL 24088 at *5 (N.D. Ill. Mar. 5, 1989).

claim arises under state law and can only survive in federal court supplemental to an independently viable federal claim. *See* 28 U.S.C. § 1367. Where the court has no subject matter jurisdiction there is "no rational argument in law or fact" to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See* Jones, 777 F.2d at 1279.

Because we are uncertain about the true nature of this suit, we dismiss without prejudice. Plaintiff is advised, however, that any future pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, requiring a clear statement showing why she is entitled to relief. As the Supreme Court has explained, the essential purpose of this requirement is to give the defendants fair notice of the plaintiffs' claims and the grounds upon which they rest, so defendants can adequately prepare a defense. *See, e.g.,* Conley v. Gibson, 355 U.S. 41, 47 (1957). We cannot decipher anything meaningful from this complaint, and we believe any prospective defendant would be equally at a loss. Plaintiff must identify a proper defendant and clearly explain the basis for her claim.

Plaintiff's petition to proceed *in forma pauperis* is denied, and her complaint is dismissed without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 28, 2000.